**No. 57106.**—Marine Products Company *v.* United States, petition 6856–R (San Diego).

JOHNSON, Judge:   This petition arising at the port of San Diego, brought under authority of the provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489), involves the additional duties assessed by the collector because of undervaluation upon entry of certain canned tuna fish imported from Mexico.

At the trial, it was disclosed that Lucian K. Small was the president of the petitioner.   He testified that on behalf of the petitioner, he had entered into a contract with Cía. de Productores Marinos, S. de R. L., the Mexican producer, to supply all of the tuna packed by said firm at its plant during the season commencing February 1, 1942, and ending June 30, 1942.   The prices were to be at United States $6.70, $6.45, and $6.25 per case for the three styles of pack, f. o. b. dock San Diego, freight, insurance, and importation duties paid, the duty, however, not to exceed $1.50 per case.

Before entering the merchandise, Mr. Small discussed the contract with the customs official who was the appraiser at the time of entry.   All of his commercial transactions with the producer were disclosed, and also all of the facts in his possession relative to the purchase and importation and the conditions under which the goods were purchased.   Mr. Small was in doubt concerning the proper method to follow in entering the merchandise because the petitioner was the sole importer of this particular merchandise and had contracted to take the entire output of the shipper of the grade of tuna imported.   However, there was an inferior pack, not allowed entry into the United States, which was sold by the same shipper for Mexican consumption.

Mr. Small had several interviews and telephone conversations with the appraiser as to the entered value, and testified that the appraiser had supplied him with the method to use in entering at the proper value.   The appraiser denied that he had advised the petitioner how to make its entry.   However, he admitted that he had examined the contract and had later advised the petitioner that one of the charges for freight was not a deductible item.   The appraiser was also very hazy in his mind concerning the interviews he had had with Mr. Small relative to the shipments of tuna fish.   The broker testified that she had figured out the entered prices according to the method given her by Mr. Small and had taken her figures to the appraiser to have them verified.   The appraiser admitted that he had gone over the figures so far as to determine whether the computations were correct, and admitted also that it was the broker's practice to submit her entries to him "in

case she had made an error in her computations; in her additions or deductions"; that that was the only thing he discussed with the broker; and that he did not go into the basis of the value of the merchandise.

The evidence also establishes that the appraiser at the time of entry had been replaced before appraisement occurred, and the merchandise had been appraised upon the basis of the foreign value in Mexico. Appeals for reappraisement were taken upon the two entries. The trial court affirmed the appraisement on the basis of the foreign value, Reap. Dec. 7373, 19 Cust. Ct. 243. The importer moved for a rehearing, which was granted. At the second hearing, the trial court held that the proper basis of value was the cost of production. In determining the cost of production, it took into consideration 2,000 cases of tuna fish sold in Mexico at a loss. (See Reap. Dec. 7647, 22 Cust. Ct. 371.) An appeal to the appellate division was taken by the Government. The appellate division, in Reap. Dec. 7830, 24 Cust. Ct. 615, modified the judgment of the trial court insofar as it pertained to the profit ordinarily added, as the merchandise sold at a loss had been considered by the trial court in obtaining the over-all profit. The value so found increased the value as entered over 100 per centum. The petitioner appealed the case involving these two entries to the Court of Customs and Patent Appeals, but the appellate court affirmed the appellate division of this court, stating that—

* * * Of course, giving consideration to the goods sold at a loss really does discount the actual profit made by the cannery. That, however, is immaterial as far as this issue is concerned, which is, what is the ordinary profit made in the usual course of business, and as far as this court is concerned, the only evidence of profit which it appears that the exporter ordinarily added is found in sales for domestic consumption in Mexico other than the sales to the Pando company [the company to whom sales were made at a loss].

(See *Marine Products Co.* v. *United States,* 39 C. C. P. A. (Customs) 52, C. A. D. 462.)

In the decision of the appellate division in the reappraisement proceedings, *supra,* the court disclosed that there appeared in the special agent's report the uncontradicted statement that no sales were made in Mexico prior to the first shipment of the merchandise, and, in fact, the value finally determined on the cost-of-production basis was materially different from the entered value because the profit was figured upon the basis of the entire yearly production.

From a careful consideration of the evidence in this petition, and in view of the extensive litigation involved before the final appraised value was determined, we are of the opinion that in entering the goods covered by the two entries herein at a less value than finally determined upon appraisement the petitioner was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. On the other hand, it would appear that the petitioner, by all possible means at its disposal at the time of entry, endeavored to enter the merchandise at the proper values.

For the reasons stated, judgment will be entered in favor of the petitioner granting the petition.